UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MELINDA B.[1], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00440-JRO-MJD |
| | ) | |
| FRANK BISIGNANO Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR EAJA FEES**

Before the Court is the Parties' Joint Motion for Attorney Fees Pursuant to the Equal Access Justice Act 28 U.S.C. § 2412. Dkt. [16]. For the reasons that follow, this Joint Motion, dkt. [16], is **GRANTED**.

**I. BACKGROUND**

On June 24, 2026, Plaintiff filed her Complaint seeking judicial review of the administrative law judge's ("ALJ") unfavorable finding denying Plaintiff's application for disability benefits. Dkt. 1. Defendant filed an Agreed Motion for Reversal with Remand for Further Administrative Proceedings. Dkt. 13. The Court granted the motion and entered judgment on August 28, 2026, reversing the decision of the Commissioner and remanding for further proceedings. The

[1] In an attempt to protect the privacy interest of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions

instant motion and supporting documentation were timely filed on September 10, 2026. Dkt. 16.

## II. LEGAL STANDARD

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file an application (1) showing that he is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

## III. DISCUSSION

Plaintiff is unquestionably a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an ALJ for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). Plaintiff has provided appropriate documentation for her fee request, dkt. 16-1, and alleged that the position of the Commissioner was not substantially justified. Dkt. 16 at 2. Next, the

Commissioner bears the burden of proving that his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Steward v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner does not attempt to do so; rather, he and Plaintiff jointly stipulate to an attorney's fee award of $1,379.55 under the EAJA. Dkt. 16 at 1.

Next, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." The parties have done so. *See* Dkt. 16-1. Plaintiff's counsel spent 5.41 hours on this case, which the Court finds to be reasonable.

A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and

experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Relying solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

The parties set out the appropriate calculation of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Consumer Price Index for All Urban Consumers in the Midwest Region, since the statutory hourly rate was set at $125 per hour in March 1996. Dkt. 16-1. That calculation arrives at a maximum statutory hourly rate of greater than the $255 rate agreed upon by counsel. *See id.* at 1. Thus, the Court finds that the agreed rate of $255 does not exceed the prevailing market rate in the community by lawyers of comparable skill and experience and is consistent with the rate approved in other similar cases in this district.

## IV. CONCLUSION

The Parties' Joint Motion for Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412, dkt. [16], is **GRANTED**, and the Court awards fees in the amount of $1,379.55. An award under the EAJA belongs to Plaintiff, not her attorney, and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). But if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, then Defendant shall direct that the award be made payable to Plaintiff's attorney, Joseph Ira Frydman, Esq., pursuant to the EAJA assignment

duly signed by Plaintiff and counsel. Dkt. 16-2. If payment is mailed, as opposed to electronically deposited, it shall be mailed to counsel's address of record: Joseph Ira Frydman, 1340 Smith Avenue, Suite 200, Baltimore, Maryland 21209.

**SO ORDERED.**

Date: 9/16/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-counsel of record